RECEIVED

JUN 2 5 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

WILFORD DUNCAN  (LA DOC#328098)      DOCKET NO. 1:12-cv-0486; SEC. P

VERSUS                                JUDGE DEE D. DRELL

PAT THOMAS, ET AL.                    MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Wilford Duncan, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 23, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC); he is incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana. Plaintiff complains that the defendants failed to provide him with blood pressure medication when he was transported from WNC to the Washington Parish Jail for a court hearing in late June 2011. Plaintiff sued WNC Medical Director Pat Thomas, WNC Warden Timothy Keith, Washington Parish Sheriff Robert J. Crowe, and the Corrections Corporation of America. He seeks an unspecified amount of punitive damages and asks the Court to have prison policy changed to "ensure adequate medical care for inmates when going on road trips."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Statement of the Case*

On June 24, 2011, Plaintiff, an inmate in the custody of the

LDOC, was transported from WNC, where he is serving his sentence, to the Washington Parish Jail (WPJ) so that he could be available for a court proceeding in that parish. When he was preparing to depart WNC, he asked medical staff if his blood pressure medication was being sent along with him, and they responded affirmatively. However, upon his arrival at WPJ he discovered that his blood pressure medication had not been sent by the authorities at WNC.

Sometime thereafter he experienced "extremely high" blood pressure and he was transported to the University Hospital, Bogalusa, Louisiana, where he was admitted, treated, and then released within 24 hours once his blood pressure returned to normal levels. Plaintiff remained at WPJ "until the end of the month" (apparently without further incident) and on June 31, 2011 he was returned to WNC.

Upon his return to WNC, Plaintiff submitted an administrative remedies grievance and was advised by prison administration that WNC does not generally send medication with inmates for court trips.[1] Plaintiff maintains that this policy conflicts with LDOC

---

[1] Plaintiff submitted a grievance on July 4, 2011. He complained that prior to being transported to Washington Parish, he was assured by WNC personnel that his medication would accompany him. However, upon his arrival he discovered that the medication had not been sent. He complained that he was hospitalized for one day and otherwise without access to his medication for one week. [Doc.1, p.6] His grievance was accepted by the Warden on August 4, 2011 and assigned Case Number WNC-2011-696. [Id., p. 7] On August 26, 2011 he received the First Step Response which indicated "... there is no documentation on your medical chart to support that you were told by medical that

2

Health Care Policy HC-03-(13)(E) which provides that "an adequate supply of medications will be placed in a properly labeled envelope and attached to the inside or secured to the medical record."

Plaintiff faults the WNC Warden for implementing a policy that conflicts with LDOC regulations; he faults WNC's medical director for failing to carry out the policy and he faults the Sheriff of Washington Parish for accepting custody of inmates "without an adequate policy of evaluating their medical condition."

## Law and Analysis

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Here, Plaintiff contends that the defendants are liable as a result of having violated a regulation of the LDOC. He has failed to allege a violation of the Constitution or laws of the United States

---

meds would be sent with you on your court trip. Medications are not routinely sent with inmates on court trips as the inmates are normally brought back to the facility and administered their medications on the same day.

You allege you were sent out to the hospital from Washington Parish Jail and treated for elevated blood pressure but there was no paperwork received back from Washington Parish to support this claim, therefore this matter cannot be reviewed. You returned to this facility in stable condition. You have and will continue to receive appropriate medical care." [Id., p. 9] Plaintiff's appeal to the LDOC Secretary was likewise rejected on December 2, 2011. [Id., p. 8]

and his complaint must therefore be dismissed for failing to state a claim for which relief may be granted.

### *Medical Care and the Eighth Amendment*

Plaintiff is proceeding pro se, and therefore his claims must be afforded liberal construction. Read liberally, he implies that the defendants violated his right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment.

Plaintiff is a convicted inmate in the custody of the LDOC. The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. However, rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm, which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm.  Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001). A showing of deliberate indifference with

4

regard to medical treatment requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the named defendants or any of the other corrections officers or healthcare officials identified in his pleadings.

To the extent that the defendants were negligent or even guilty of malpractice for failing to provide his blood pressure medication, that fact would ultimately make no difference to the outcome of this proceeding because deliberate indifference "describes a state of mind more blameworthy than negligence." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Under the deliberate indifferent standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it. In other words, a civil rights plaintiff must allege and prove that each of the defendants knew of and then disregarded an excessive risk of injury to him and that they were both aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they drew that inference. *Id.* at 837.

5

Since Plaintiff has neither alleged nor established deliberate indifference, his complaint fails to state a claim for which relief may be granted and dismissal on that basis is appropriate.

### Injunctive Relief

Plaintiff seeks injunctive relief – specifically, an order directing the defendants to change prison policy to "ensure adequate medical care for inmates when going on road trips."

Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" to act or refrain from acting in a certain manner is an extraordinary remedy. See Morrow v. Harwell, 768 F.2d 619, 627 (5th Cir.1985). Plaintiff has not demonstrated that such an extraordinary remedy is appropriate.

### Punitive Damages

In addition to injunctive relief, Plaintiff prayed for punitive damages. In order to warrant punitive damages, the prisoner-plaintiff must allege facts showing that the defendants' conduct was egregious or reprehensible. See State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 419 (2003). Punitive damages may be awarded in §1983 cases when the defendants' conduct "is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights.... The latter standard requires recklessness in its subjective form, i.e., a subjective consciousness of a risk of injury or illegality and a criminal indifference to civil obligations." Williams v. Kaufman

6

County, 352 F.3d 994, 1015 (5th Cir.2003). Read liberally, and taken as true for the purposes of this report, the facts alleged herein do not establish "evil intent" or "callous indifference" on the part of any of the defendants.  In other words, Plaintiff is not entitled to punitive damages.

### *Conclusion*

Therefore, **IT IS RECOMMENDED THAT** Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Alexandria, Louisiana _____,
2012.

_____
**JAMES D. KIRK**
**UNITED STATES MAGISTRATE JUDGE**